**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: **GEORGETTE DOUGLASS**, | **CASE NO. 20-23389-PDR** |
|       Debtor. | **CHAPTER 13** |
| | |
| **WILLIAM RICHARDSON**, | **ADV. PROC. NO. 21-01097-PDR** |
|       Plaintiff, | |
| v. | |
| **GEORGETTE DOUGLASS**, | |
|       Defendant. | |

### DEBTOR'S MOTION TO DISMISS COMPLAINT

Georgette Douglass ("Debtor") and the Defendant named herein, by and through undersigned counsel, files *Debtor's Motion to Dismiss Complaint*, and as grounds therefore, Debtor states as follows:

### Introduction

Debtor is a family law attorney duly licensed to practice in the State of Florida. This adversary proceeding was brought by one of Debtor's former clients, William Richardson ("Richardson" or "Plaintiff"), who filed a two-count adversary complaint [ECF No. 1] seeking the denial of the dischargeability of debts owed as result of Debtor's negligent representation of Plaintiff in his divorce proceeding. The claims made by Plaintiff herein are allegedly claims arising under § 523(a)(4) and (a)(6) of the United States Bankruptcy Code, which provide for the denial of the dischargeability of debt for fraud or defalcation while acting in a fiduciary capacity (§ 523(a)(4)), or for willful and malicious injury by a debtor to another entity or their property (§ 523(a)(6)). For the reasons set forth below, Plaintiff's claims are factually and legally without merit

1

and, therefore, Debtor asserts that this adversary proceeding should be dismissed in its entirety, and with respect to the claim asserted under 523(a)(4), with prejudice.

**Factual Background**

1.      Debtor is an attorney duly licensed to practice law in the State of Florida, who focused her practice primarily in the area of family law.

2.      In March of 2014, Plaintiff retained Debtor to take over representation of Plaintiff in his divorce case that Richardson filed in January of 2012.

3.      On April 30, 2015, the family court presiding over the Richardsons' divorce held a final hearing, at which Plaintiff alleged that Debtor committed malpractice by failing to advise the family court of certain facts that would have prevented Plaintiff from having to make to his former spouse  what is referred to as an "equalization payment".

4.      Specifically, Plaintiff alleges that:

15. Prior to the Final Hearing, Mr. Richardson told Ms. Douglass that he did not agree with the calculation of the equalization payment, that Ms. Douglass was calculating the FRS benefits incorrectly, that the equalization payment was incorrect, and instructed Ms. Douglass to advise the court that the parties were not in agreement regarding the terms of the proposed oral marital settlement agreement.

16.  Despite Mr. Richardson's clear instructions, Ms. Douglass ignored Mr. Richardson and announced the agreement on the court record at the Final Hearing, including the equalization payment of the $138,614.00 from Mr. Richardson to Ms. Knight.

17. After the Final Hearing took place, Mr. Richardson contacted Ms. Douglass multiple times regarding the mistake in the calculation of the equitable distribution, and requested that she take action to prevent the court from entering a final judgment predicated upon the erroneous financial calculations.

18. Ms. Douglass ignored Mr. Richardson and failed to take any action to advise the court.

19. Prior to the Final Hearing, Ms. Douglass had in her possession documents from the Florida Retirement System containing a set formula that it uses to determine the portion of the retirement benefits constituting a marital asset subject to equitable distribution (the "FRS Formula").

20. Despite conceding that the FRS Formula would be the method by which the marital portion of each spouse's entitlement to the other spouses' pension would be determined, Ms. Douglass departed from the proper prescribed FRS Formula in calculating the equitable distribution in the Dissolution of Marriage Case.

21. Had Ms. Douglass utilized the proper prescribed FRS Formula, she would have determined that no equalization payment was owed, and that Mr. Richardson would owe Ms. Knight nothing.

22. On May 18, 2015, the Trial Court entered its Final Judgment of Dissolution of Marriage (the "Final Judgment of Dissolution"), which awarded the sum of $138,614.00 to Knight as an equalization payment.

23. Distressed over the Final Judgment of Dissolution and Ms. Douglass's failure to make any effort to correct her error, Mr. Richardson retained counsel to represent him to pursue an appeal in order to vacate the court's Final Judgment of Dissolution.

24. Upon discovering her mistake in the calculation of the equitable distribution, Ms. Douglass took no action to advise her client, took no action to advise Mr. Richardson's counsel, and took no action to advise the Court.

25. On July 27, 2016, the Fourth DCA reversed the Trial Court's Final Judgment of Dissolution, finding that no Marital Settlement Agreement was agreed to by the parties, and reversed and remanded the matter to the Trial Court.

*Complaint to Determine Dischargeability, Object to Discharge and for Other Relief* (the "*Complaint*") [ECF No. 1]

5.      Plaintiff thereafter sued Debtor for professional negligence and breach of fiduciary duty and ultimately obtained a judgment against Debtor, dated July 15, 2019 (the "*Final Judgment*"), a copy of which is attached as Exhibit "H" to the *Complaint*. The *Final Judgment* awarded Plaintiff compensatory damages in the amount of $85,416.98, plus interest at the statutory rate. (Noteworthy, is the fact that the *Final Judgment* does not indicate on which counts the court found in favor of Plaintiff, that is, whether it was for legal malpractice, breach of fiduciary duty or both. But as will be discussed below, it need not matter, for both the malpractice and breach of fiduciary duty claims are dischargeable under § 523(a)(4) and (a)(6)).

6.      Plaintiff also obtained a judgment against Debtor, awarding Plaintiff his attorney's fees and costs incurred in obtaining the *Final Judgment*. See Exhibit "H" attached to the *Complaint*. (Collectively, the amounts due under the *Final Judgment* and the attorney's fees and costs judgment shall be referred to as "the Debt").

3

7.      On December 8, 2020, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. [Main Case, ECF No. 1].

8.      Plaintiff commenced this adversary proceeding on March 22, 2021, by the filing of the *Complaint* [ECF No. 1]. Despite the title of the *Complaint - Complaint to Determine Dischargeability, Object to Discharge and for Other Relief* [emphasis added] - it contains only two counts to deny the dischargeability of the debt under § 523(a)(4) and (6).

9.      For the reasons set forth below, both counts fail to state claims upon which relief can be granted, therefore, Debtor asserts that the *Complaint* should be dismissed in its entirety under Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12 of the Federal Rules of Civil Procedure. And with respect to the claim asserted under § 523(a)(4), Debtor asserts that it should be dismissed with prejudice.

## Memorandum of Law

Although the Bankruptcy Code generally provides for the discharge of all debts that arose prepetition, in certain circumstances debts may not be dischargeable whatsoever, such as certain tax claims and student loans (§ 523(a)(1) and (a)(8)), whereas, in other cases, certain debts will be excepted from a debtor's bankruptcy charge if a complaint is timely filed with the bankruptcy court. These type of debts are what are at issue here, namely debts that fall under the provisions of § 523(a)(4) and (a)(6) of the Bankruptcy Code. Because according to Rule 4007(c), a complaint to bring a claim under § 523(a)(4) must be filed within 60 days of the first date set for the first meeting of creditors conducted pursuant to § 341 of the Bankruptcy Code. Although Plaintiff timely filed the *Complaint* with respect to the claim asserted under § 523(a)(4), it is nevertheless without merit as will be discussed in greater detail below.

## Claim Brought Under 11 U.S.C. § 523(a)(6)

With regards to the claim asserted under 523(a)(6), it is treated differently because under the provisions of Chapter 13, a claim arising under 523(a)(6) is dischargeable if and when the

debtor completes his or plan payments and otherwise obtains his or her discharge under Chapter

13. Specifically, section 1328(a)(2) of the Bankruptcy Code provides:

> Subject to subsection (d) [not applicable here], as soon as practicable after completion by the debtor of all payments under the plan… have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt— of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a).

11 U.S.C. § 1328(a)(2).

In other words, by leaving out (a)(6) of § 523 from the list of exceptions to discharge,  a

discharge under Chapter 13 discharges a debt that falls within § 523(a)(6). This is known as the

Chapter 13 "super discharge". *McCollum v. McCollum (In re McCollum)*, 415 B.R. 625, 629

(Bankr. M.D. Ga. 2009); *Gasunas v. Yotis (In re Yotis)*, 521 B.R. 625, 639 (Bankr. N.D. Ill. 2014).

Conversely, if a debtor does not complete all of the payments required under the confirmed

plan and is thus not entitled to a discharge, the debt arising under 523(a)(6) will survive and the

creditor, along with all other creditors, will be allowed to pursue their claims against the debtor as

if the bankruptcy never occurred. On the other hand, if the debtor obtains a discharge under

Chapter 13, then a claim arising under § 523(a)(6) is discharged under the super discharge

provision of 1328(a)(2). Thus,

> [w]here a debtor is proceeding toward a full compliance discharge, that would by definition discharge a Section 523(a)(6) debt, there is no reason to litigate the issue of whether the debt is, in fact, one for a willful and malicious injury. Whether it is or isn't doesn't matter, since it will be discharged either way if the debtor receives a full compliance discharge.

*Fein v. Young (In re Young)*, 425 B.R. 811, 815 (Bankr. E.D. Tex. 2010).

But the Bankruptcy Code allows a Chapter 13 debtor to obtain a discharge prior to

completion of all plan payments if certain conditions are met, 11 U.S.C. § 1328(b). This is referred

to as a "hardship discharge". *Yotis* at 639; *see also Young* at 815. Therefore, in order to protect

a creditor's 523(a)(6) claim from being discharged under a hardship discharge, with the chance

the debtor does not ultimately complete the plan payments, the law allows for the preservation of that claim by providing in Rule 4007(d) that, in the event a debtor seeks a hardship discharge, the deadline to file a complaint under 523(a)(6) shall be set by the court. Rule 4007(d), Fed.R.Bankr.P.

Because the Debtor is not currently seeking a hardship discharge, the provisions of Rule 4007(d) are inapplicable. Accordingly, if Debtor completes her plan payments and receives her discharge, then Plaintiff's claim asserted under § 523(a)(6) will be discharged. Therefore, Count II of the *Complaint* seeking a determination of non-dischargeability under 523(a)(6) is premature at this juncture. As stated in *Yotis*:

> "Whether a Section 523(a)(6) claim in a Chapter 13 case is ripe for decision is a question of constitutional ripeness since resolution of the issue has no meaningful effect until and unless the debtor moves for a hardship discharge." *In re Liescheidt*, 404 B.R. at 505. Yotis has not moved to have a hardship discharge under section 1328(b), therefore a determination of whether the debt to Gasunas arose out of willful and malicious conduct is premature at this time.

The court in *Young* came to the same conclusion, also quoting *Liescheidt*. *Young*, 425 B.R. at 815.

In light of the super discharge afforded Chapter 13 debtors with respect to claims arising under § 523(a)(6), coupled with the provisions found in Rule 4007(d), and the judicial authority cited above, Plaintiff's claim found in Count II of the *Complaint* should be dismissed without prejudice. In the event Debtor completes her plan payments and receives her discharge, this claim will be discharged. Whereas, in the event Debtor seeks a hardship discharge in the future, Plaintiff will be afforded an opportunity to assert a cause of action under § 523(a)(6) at such time. But at this time, Count II is not yet ripe and should therefore be dismissed without prejudice.

## Claim Brought Under 11 U.S.C. § 523(a)(4)

Count I, on the other hand, in which Plaintiff requests the denial of the dischargeability of the Debt under § 523(a)(4), this claim should also be dismissed but with prejudice. Even though § 1328(a) of the Bankruptcy Code includes § 523(a)(4) as one of the statutory causes of action

that allows for the denial of the dischargeability of a debt, that is, it is a claim that is not entitled to benefits of the "super discharge", Plaintiff's claim is nevertheless not one upon which relief can be granted. The reason being is that the facts as alleged, even if true, are not those that come within the provisions of § 523(a)(4). Only if a debt is result of "fraud or defalcation while acting in a fiduciary capacity" may the claim be excepted from discharge. 11 U.S.C. § 523(a)(4). A simple breach of fiduciary duty, which is what Plaintiff alleges to have occurred, is dischargeable based on the plain reading of § 523(a)(4).

Often the analysis of a § 523(a)(4) begins with the issue of whether or not a debtor was acting in a "fiduciary capacity" when the alleged conduct occurred. That is because within the context of § 523(a)(4), what constitutes acting in a fiduciary capacity has been interpreted narrowly.

> "The Supreme Court has consistently held that the term 'fiduciary' is not to be construed expansively, but instead is intended to refer to 'technical' trusts." *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993) (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S. Ct. 151, 79 L. Ed. 393 (1934), and other Supreme Court cases interpreting previous versions of the § 523(a)(4) exception, but noting that all versions have referred to "defalcation" and to "fiduciary capacity" or "fiduciary character"); *see Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir. 2005) (noting that the term "fiduciary capacity" is construed more narrowly in the context of § 523(a)(4) than in other circumstances)[.]

*G.W. Palmer & Co., Inc. v. Forrest (In re Forrest)*, Nos. 8:20-bk-03819-RCT, 8:20-ap-00448-RCT, 2021 Bankr. LEXIS 1214, at *4-5 (Bankr. M.D. Fla. Apr. 2, 2021).

Plaintiff does not allege that Debtor was bound by an express or statutory trust that satisfies the definition of a technical trust for purposes of § 523(a)(4). But even if Debtor, as Plaintiff's attorney in the divorce proceeding, owed Plaintiff a fiduciary duty that satisfies the technical trust requirement of § 523(a)(4), all that occurred was a simple breach of that duty. Debtor did not commit fraud or defalcation. Rather, Debtor was apparently mistaken about the equalization payment at the time of the final hearing in Plaintiff's dissolution of marriage action and then apparently failed to take steps to correct that error. Nothing fraudulent whatsoever was committed by Debtor. And surely, Debtor did not defalcate any of Plaintiff's property. Therefore,

Plaintiff has failed to state a cause of action under § 523(a)(4) and as such, Debtor requests that this claim, found in Count I of Plaintiff's *Complaint*, be dismissed with prejudice.

Before concluding it is also worth noting that "exceptions to the general rule of discharge . . . are to be strictly construed in favor of the debtor." *United States v. Mitchell (In re Mitchell)*, 633 F.3d 1319, 1327 (11th Cir. 2011). "[C]ourts generally construe the statutory exceptions to discharge in bankruptcy 'liberally in favor of the debtor' and recognize that 'the reasons for denying a discharge…must be real and substantial, not merely technical and conjectural.'" *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994) (quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987) (quoting *Dilworth v. Boothe*, 69 F.2d 621, 624 (5th Cir. 1934).

WHEREFORE, for the foregoing reasons, Debtor requests that this Honorable Court grant *Debtor's Motion to Dismiss*, dismissing Count I with prejudice and dismiss Count II without prejudice, with the claim asserted in Count II to be renewed by Plaintiff if and when Debtor seeks a hardship discharge pursuant to 11 U.S.C. § 1328(b). In addition, Debtor requests that this Honorable Court grant Debtor any further relief this Honorable Court deems just and proper.

Dated this 10th day of June, 2021.

LORIUM LAW
Attorneys for the Defendant
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone 954.462.8000
Facsimile: (954) 462-4300

By: /s/ Jason E. Slatkin
    Jason E. Slatkin
    Fla. Bar No. 040370
    jslatkin@loriumlaw.com

**<u>Certificate of Service</u>**

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Richard L. Allen, Esq., rla@khllaw.com and Mason E. Portnoy, Esq., map@khllaw.com, and all other persons entitled to receive notice via the Court's CM/ECF noticing system on this 10th day of June, 2021.

<u>/s/ Jason E. Slatkin</u>
Jason E. Slatkin
